STATE of Missouri,
Plaintiff-Respondent,

v.

Glenn Archie JOHNSON,
Defendant-Appellant.

No. 38603.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 27, 1977.

Motion for Rehearing and/or Transfer
Denied Nov. 14, 1977.

J. Martin Hadican, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jeffrey W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

Defendant, Glenn Archie Johnson, was convicted of first degree robbery. The jury fixed punishment at 20 years imprisonment. On appeal, defendant argues that illegally seized evidence was admitted against him at trial and that there was an improper variance between the crime charged in the information and that charged in the verdict directing instruction. We affirm.

At approximately 6:45 P.M. on November 24, 1975, three persons, one male and two females, entered Clancy's Bar and Grill located on North Broadway in St. Louis. The man, brandishing a .12 gauge automatic sawed-off shotgun, announced a hold up and ordered those present not to move. He then took a seat near the tavern entrance and covered his face with a ski mask. One of the female accomplices positioned herself at the opposite end of the bar with a sawed-off shotgun in hand while the other collected wallets and other valuables from the patrons and $700 from the cash register. The three remained in Clancy's for approximately fifteen minutes before departing.

The events culminating in defendant's arrest and the search of his automobile were stipulated by defendant to have taken place as described by the police officers involved. On November 28, 1975, at approximately 1:20 A.M., a service station on Grand Avenue was robbed by three persons driving a 1960 Dodge Polara. Just as the robbers were leaving the service station a policeman drove in. On being informed by the attendant of the robbery, the officer radioed the description and location of the fleeing Dodge to other policemen in the area. He then followed the vehicle south on Grand Avenue. At the intersection of Grand and Shaw Avenues a second policeman observed a Dodge Polara proceeding south on Grand. The police officer made a u-turn and followed the vehicle. In the course of his pursuit he saw an object thrown from the passenger's window of the Dodge into the freshly fallen snow. A .12 gauge automatic sawed-off shotgun was later recovered in this same area. When the Dodge was brought to a stop a few blocks away, defendant, who was driving, and his two female passengers were arrested for the service station robbery and were taken into custody. The police decided to impound the automobile, but before it was towed away and without first procuring a search warrant, the police made a thorough search of the car. A sawed-off shotgun was found in the trunk. That same day defendant was identified from a lineup by three eyewitnesses as the male participant in the Clancy's Bar and Grill robbery.

Defendant first argues that admission into evidence of the sawed-off shotgun seized from the trunk of his automobile was error because it was the product of an illegal search. We have reviewed the circumstances surrounding the search of defendant's vehicle and find the search to be proper.

A distinction has long been drawn between the standards for judging the legality of warrantless searches of automobiles and those of homes or offices. See *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Although there are a few well delineated exceptions, warrantless searches of homes or offices are generally proscribed as per se violations of the Fourth Amendment. Warrantless searches of automobiles, however, are subject to less stringent judicial scrutiny and will be upheld under circumstances which would clearly be objectionable in the home or office context. The rationale underlying this distinction is twofold. First, the inherent mobility of the automobile creates an exigency which often makes procurement of a search warrant prior to a search unfeasible. Second, citizens have a less significant expectation of privacy in their automobiles than in their homes or offices. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). As a

result, the law is clear that a warrantless search of an automobile whose occupants have been arrested and taken into custody is constitutionally permissible when there is probable cause to believe items are contained therein which police are entitled to seize, e. g. stolen goods. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *State v. Hornbeck*, 492 S.W.2d 802 (Mo.1973); *State v. McCarty*, 460 S.W.2d 630 (Mo.1970); *State v. Achter*, 512 S.W.2d 894 (Mo.App.1974); *State v. Mesmer*, 501 S.W.2d 192 (Mo.App.1973). "[P]robable cause means more than mere suspicion, but exists where the facts and circumstances within the knowledge of the seizing officers, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed or that the contents of the automobile offend against the law." *State v. Hornbeck, supra* at 805.

 Probable cause to form such a belief is established by the circumstances surrounding defendant's arrest. Police arrived at the scene of the service station robbery as the perpetrators were fleeing. Shortly thereafter, at 1:30 in the morning, when little other traffic was on the street, defendant was observed driving a vehicle matching the description of that used in the robbery and in the same vicinity. Further, a police officer saw an object thrown from the vehicle when he began to follow it. Under these facts, police had probable cause to believe that the occupants of the vehicle were implicated in the robbery and that the property stolen would be found in the car. The warrantless search of the vehicle, including the trunk, was therefore justified, and the sawed-off shotgun seized was admissible against defendant.

■ Defendant's final point on appeal is that the trial court erred in submitting a robbery first degree instruction, MAI–CR 7.60, when the information charged defendant with robbery in the first degree by means of a dangerous and deadly weapon. He argues that submission of said instruc-

tion resulted in his being prosecuted for an offense with which he was not charged. This exact argument was summarily rejected in *State v. Spencer*, 486 S.W.2d 433 (Mo.1972), as pointed out in the Notes on Use under MAI–CR 7.62. Moreover, the information under which defendant was charged, though it states that the robbery in question was accomplished with a dangerous and deadly weapon, refers specifically to § 560.120 RSMo 1969 as the statute violated—the first degree robbery statute. Defendant, therefore, was charged with the exact offense for which he was convicted.

The judgment is affirmed.

All judges concur.