STATE of Missouri, Respondent,

v.

James William LOWRANCE, Appellant.

No. 42689.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1981.

Motions for Rehearing and/or Transfer to
Supreme Court Denied July 10, 1981.

Terry J. Flanagan, St. Louis, for appellant.

John Ashcroft, Paul Robert Otto, Jefferson City, George Westfall, Clayton, for respondent.

REINHARD, Judge.

Defendant appeals following his jury conviction for the offense of possession of a Schedule II controlled substance. §§ 195.-020, 195.200, RSMo 1978. The court determined that defendant was a persistent offender, § 558.016, RSMo 1978, and sentenced him to a term of thirteen years in the Division of Corrections.

On appeal, defendant first contends that the trial court erred in overruling defendant's pretrial motion to suppress certain physical evidence, and in admitting this evidence at trial over defendant's objection because the evidence was the product of a warrantless search and seizure made pursuant to an illegal stop of defendant.

The state's evidence at trial showed the following facts regarding the seizure of the evidence in question. At 1:30 a. m., on a Saturday morning, Officer John Rakonick of the St. Louis County Police Department was driving south on I–270 in St. Louis County when he observed a 1965 Chevrolet Malibu parked on the shoulder of the northbound lanes of the highway with its lights on. The officer took the next exit and returned on the northbound lanes to investigate the Malibu; he pulled up behind defendant's parked car, turned on the flashing red lights atop his patrol car, and trained the patrol car's spotlight on the vehicle's interior. The officer saw the defendant, the only occupant of the vehicle, bend over toward the steering wheel, temporarily taking his head out of sight. When defendant reappeared, he turned around and waved to the officer, and then began to drive off. Officer Rakonick got out of his patrol car and asked defendant to stop.

The officer approached defendant's car, and asked to see defendant's driver's license. At this time, the officer was shining his flashlight on defendant's lap; he testified that he was doing so because the area around the car was dark and people sometimes have trouble locating their driver's licenses at night. Something shiny on the floor of the car caught the officer's attention and he observed there a hypodermic syringe and a spoon which appeared to have a white residue on it. Officer Rakonick thereupon told defendant to get out of the car, handcuffed him, placed him under arrest for suspected possession of a controlled substance, and put him in the patrol car. Seized as evidence from the car were a bottle of water, the spoon, and the hypodermic syringe, in which was a solution later identified to contain cocaine.

Defendant was transported to the police station in Officer Rakonick's car, strip searched, and booked. Following the search, Officer Rakonick returned to his patrol car and feeling behind the seat in which defendant had been sitting, found a plastic bag containing a substance later identified as 15.6 grams of cocaine.

The defendant's motion to suppress all this physical evidence was overruled and the evidence was admitted at trial over defendant's objection.

■ A police officer has the right to temporarily stop persons for investigation, without making an arrest, under circumstances where the officer has a "reasonable suspicion" that criminal activity is taking place. *State v. Lasley*, 583 S.W.2d 511, 518 (Mo. banc 1979). It is not necessary that the officer have probable cause to arrest; rather "[t]he standard is whether the facts available to the officer at the moment of the seizure warrant a person of reasonable caution in the belief that the action taken was appropriate." *Id.*

■ Here, the hour was early on a Saturday morning. Defendant's car was parked on the shoulder of a six-lane limited access highway with its lights on and its motor running. The car did not move during the several minutes it took the officer to exit the southbound lanes and return on the northbound lanes. When the officer pulled up behind the car and shined his spotlight

on it, defendant bent over for a few moments and then reappeared. The officer testified that based on his experience, he suspected defendant was intoxicated or ill or was hiding something. Defendant then waved at the officer and attempted to drive away before the officer could approach his car. We must conclude that the facts available to the officer clearly warranted him in detaining defendant briefly.

■ The syringe and spoon were in the plain view of the officer and the officer had a right to be in a position to see them; the items were therefore subject to seizure and admissible as evidence. *State v. Vineyard*, 497 S.W.2d 821, 826–27 (Mo.App.1973). The fact that a flashlight was used to illuminate the items, which would have been in plain view in daylight, does not change this result. *State v. Cobb*, 484 S.W.2d 196, 199 (Mo. banc 1972). The bottle of water was properly seized from the car following defendant's arrest at a time when the officer had probable cause to believe the car contained controlled substances subject to seizure. *State v. Johnson*, 558 S.W.2d 424, 425–26 (Mo.App.1977). In regard to the bag of cocaine seized from the seat of the patrol car, the bag was voluntarily abandoned in a vehicle in which defendant had no interest, and defendant accordingly had no standing to protest the seizure of the bag. *State v. Hulsey*, 557 S.W.2d 715, 718 (Mo.App.1977). Defendant's first point is denied.

■ In his second point, defendant contends the trial court erred in overruling his objection to testimony of the police criminologist regarding the contents of the hypodermic syringe because the contents were consumed by the testing procedure. The police criminologist testified at trial that he had received the hypodermic syringe and analyzed its contents. It was approximately one-eighth full, containing between one and two cubic centimeters of fluid which was tested three times. The fluid was found to contain cocaine. The criminologist added that the fluid had been consumed by the testing procedure. Defendant contends that he was denied due process of law and the right of confrontation because he could not have the substance independently tested. We reject defendant's contentions.

Defendant does not in any way dispute the findings of the state's criminologist. Nor does he claim that the opportunity to test the substance was denied him after proper request. The record reveals that no request to test the substance was made. We find no Missouri case on point, but see *People v. Marich*, 201 Cal.App.2d 462, 19 Cal.Rptr. 909 (1962) for a resolution similar to that we reach here. Clearly, it was not error to admit the testimony of the criminologist.[1]

■ In his third point on appeal, defendant argues that the court erred in overruling defendant's objection to the prosecutor's questioning of a police officer as to his opinion of the street value of 15.6 grams of cocaine because the officer was not shown to be qualified, the question was immaterial, and the answer was highly prejudicial.

■ The officer testified that he had received both practical experience and academic training regarding cocaine and other drugs. He also testified that he had made some thirty purchases of cocaine. Over defendant's objection, he stated that the street value of 15.6 grams of cocaine would be $1,500 to $2,000. The trial court has much discretion in determining the proper qualifications of expert witnesses, and we are not persuaded that the court abused its discretion in this case. *State v. Carter*, 591 S.W.2d 219, 221–22 (Mo.App.1979).

We also conclude that the court did not err in admitting the officer's testimony in regard to the value of the drugs. Evidence

---

1. Defendant relies on *State v. Polk*, 529 S.W.2d 490 (Mo.App.1975). The issue there was not right to test, however, but was whether sufficient evidence was presented to constitute a submissible case on the issue of possession. Here, there was substantial evidence on that issue, notwithstanding the fact that all the fluid in the hypodermic syringe had been used up in the testing procedure. *See State v. Roper*, 591 S.W.2d 58 (Mo.App.1979) in which we held the corpus delicti can be proven by circumstantial evidence.

as to the value of the drugs was relevant to show that the package of cocaine was not accidentally abandoned, and that defendant had knowing and intentional possession of it. *State v. Lewis*, 526 S.W.2d 49, 53 (Mo. App.1975). Defendant's third point is denied.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.