**STATE of Missouri, Respondent,**

v.

**Kevin BROMWELL, Appellant.**

**No. 43618.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1982.

Stephen C. Banton, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

---

**2.** MAI–CR2d 2.12.

CRANDALL, Judge.

Appellant was convicted of burglary in the second degree, a Class C felony. Section 569.170, RSMo 1978. The jury assessed a sentence of two years. The trial court found that appellant was a persistent offender, subject to an extended term. Section 558.016, RSMo 1978. Appellant's motion for new trial was overruled, allocution was granted, and appellant was sentenced to an extended term of five years on the burglary conviction. We affirm.

As appellant does not challenge the sufficiency of the evidence, we will briefly review the facts.

On May 19, 1980, two men committed a burglary at 3208 Cherokee in the City of St. Louis. Entrance was gained through the rear door of the house. The burglary was observed by Bill Branscomb, a contractor who was working nearby. Branscomb called the police, who, upon their arrival arrested Mark McCabe, a co-defendant. Property stolen from 3208 Cherokee was seized from him. Branscomb was shown a photo lineup and identified appellant as the second burglar. Appellant was arrested the next day and later identified by Branscomb at a lineup and at trial as one of the two men involved in the burglary.

Appellant relied on the defense of alibi. Mark McCabe testified that appellant was not with him on the day of the burglary. Four witnesses testified that appellant spent that day with them in Ironton, Missouri.

Appellant's first contention is that the trial court erred in failing to grant a new trial on the basis of newly discovered evidence. The evidence in question was the testimony of another alibi witness, appellant's aunt, Nadine Winters. She testified at the hearing on the motion for new trial that appellant and his four alibi witnesses were at her home in Ironton on the day of the crime.

In order to obtain a new trial on the basis of newly discovered evidence, the facts must have come to the knowledge of the accused after the trial. In addition it is required that: (1) the fact that the evidence did not come to appellant's knowledge until after the trial must not be owing to any want of due diligence on his part; (2) the evidence must be so material that it would probably produce a different result on retrial; and (3) the evidence is not merely cumulative or impeaching. *State v. Dizdar*, 622 S.W.2d 300, 303 (Mo.App.1981).

Appellant does not meet these requirements. It is clear from the record that appellant knew of this evidence prior to the trial, particularly in view of the testimony of his alibi witnesses. Thus, it was not newly discovered evidence. Further, the evidence was cumulative in nature. Appellant's first contention is without merit.

Appellant's second contention is that he was deprived of effective assistance of counsel. This is a collateral attack on the judgment of the trial court and will not ordinarily be considered on direct appeal. The usual method for exploring the validity of a claim of ineffective assistance of counsel is the one afforded by Rule 27.26. *State v. Locke*, 587 S.W.2d 346, 350 (Mo.App. 1979).

This court declines to rule on appellant's claim of ineffective assistance of counsel for the reason that the record does not sufficiently develop the facts essential for a meaningful review.

Appellant next contends that the State renounced a stipulation entered into during the trial and he was thereby deprived of a fair trial. Contrary to appellant's contention, a careful review of the record shows that the State followed the terms of the stipulation. Appellant's contention is without merit.

Appellant's remaining allegations of error were not properly preserved by objection during the trial. We have, however, reviewed those contentions and find them to be without merit.

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.