STATE of Missouri, Respondent,

v.

Joseph WEBB, a/k/a John Roberts, Appellant.

No. 44785.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 11, 1983.

James M. Martin, Mark R. Bahn, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted of two counts of possession of a controlled substance, Phencyclidine and Lysergic Acid Diethylamide, violations of § 195.020, RSMo. 1978. He was sentenced to two concurrent five year terms with the Missouri Department of Corrections. He appeals. We affirm.

Defendant's sole contention on appeal is that the trial court erred in overruling his motion to suppress evidence because it was seized pursuant to an unlawful arrest.

In the hearing on the motion to suppress, Officer Nelson of the Berkeley Police Department testified that on November 11, 1979, between 12:30 and 1:00 a.m., he observed a Chevrolet Monte Carlo with its lights on stopped in the northbound curb lane of Hanley Road. The officer testified that traffic was moderate and that cars were forced to stop and switch lanes to proceed around the stopped car. The officer observed the car for approximately a minute, turned on his red lights and pulled in behind it. The officer started to alight from the car when the driver of the Monte Carlo "took off" and drove approximately twenty five feet and stopped. The officer pulled up behind him again and got out of his car. The defendant opened his door and "he kind of like fell out the car." The officer assisted him to the sidewalk where he had the defendant perform two field sobriety tests which he failed.

The defendant was taken to the Berkeley Police headquarters at which time a search of his jacket revealed substances which turned out to be Phencyclidine and Lysergic Acid Diethylamide. Defendant was also charged with impeding the flow of traffic and driving while intoxicated.

In *State v. Lowrance,* 619 S.W.2d 354 (Mo.App.1981), we held that a police officer had the right to temporarily stop a person for an investigation, without making an arrest, under circumstances where the officer has reasonable suspicion that criminal activity is taking place. There, we held a police officer who observed a parked car with its lights on at 1:30 a.m. on Interstate 270 and who, after he pulled up behind the car and turned on his flashing red lights, observed the driver bend over, and then turn around, wave at the officer and begin to drive off, was justified in "detaining defendant briefly." 619 S.W.2d at 356.

We think the same conclusion is warranted in the present case. The officer observed defendant's car parked in a traffic lane with its lights on, impeding the flow of traffic on a major street artery late at night. After the officer turned on his flashing red lights and pulled behind the defendant, he started to drive away. We have concluded that the officer was warranted in detaining defendant briefly. Once defendant fell out of his car and failed the field sobriety tests, the officer had probable cause to arrest the defendant for driving while intoxicated because the offense was committed in his presence. *State v. Hedrick,* 534 S.W.2d 578, 582 (Mo.App. 1976).

The search of defendant subsequently conducted at the police station is valid both as incident to an arrest and as an inventory procedure. *State v. Masters,* 530 S.W.2d 28, 30 (Mo.App.1975). *State v. Murray,* 445 S.W.2d 296, 298 (Mo.1969). Defendant's point is without merit.

Affirmed.

SIMON, P.J., and CRIST, J., concur.