STATE of Missouri, Respondent,

v.

Rodney Lee JONES, Appellant.

No. 47400.

Missouri Court of Appeals, Eastern District, Division Three.

June 19, 1984.

Claude Hanks, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Rodney Lee Jones, defendant herein, appeals from his conviction, after a jury trial, of assault in the first degree by means of a dangerous and deadly weapon, § 565.050, RSMo (1978). He was sentenced to thirty years' imprisonment. We affirm.

Defendant's first point on appeal attacks the sufficiency of the evidence to support the conviction. We therefore review the evidence, keeping in mind that we view the evidence in the light most favorable to the verdict, accepting the State's evidence as true and disregarding all adverse evidence and inferences. *State v. Baker*, 637 S.W.2d 392 (Mo.App.1982).

The events in question occurred on the night of October 7, 1982. That night Otis Rice and Daryl Gray went to the home of Rice's mother-in-law, defendant's mother, to pick up Rice's dog, which had been left there for a few days. Upon their arrival at about 10:30 p.m., they walked to the back of the house. When they failed to find the dog behind the house, they decided to leave and arrange for Rice's brother-in-law to deliver the dog some other time. The two then walked back toward the front of the house. As they reached the front, they heard a shot, looked up and saw defendant coming toward them with a gun. The two ran back to the rear of the house, with defendant in pursuit still shooting at them. Rice was shot a total of four times, one of the shots leaving him paralyzed for life. Gray was shot once, the bullet going through his arm and into his liver, but was eventually able to escape and secure the aid of police and an ambulance. Both Rice and Gray were well acquainted with defendant, who was Rice's brother-in-law. Rice and Gray testified that they clearly saw defendant shooting at them, although the area was dimly lit. At trial, each unhesitatingly identified defendant as the assailant. Rice also recognized the gun he saw defendant holding as one belonging to defendant. Medical evidence established that the injuries were the result of gunshot wounds. Based upon the above, we conclude that the evidence was sufficient to

allow a jury to find, beyond a reasonable doubt, that defendant was guilty of assault in the first degree by means of a dangerous and deadly weapon. *See State v. Branscomb*, 638 S.W.2d 306 (Mo.App.1982).

 Defendant's second point challenges the trial court's refusal to allow his counsel to read the original indictment to the jury. Initially, defendant had been charged as a prior offender under § 558.021, RSMo (Supp.1983). Before trial, however, the State learned that the Rodney Lee Jones who had previously been convicted of a felony was not the same person as defendant. Defendant was then tried on an amended information in lieu of the indictment, Rule 23.08, which omitted the allegations of prior offender status. At trial, defendant's main theory was misidentification, and to support that theory he sought to read the original indictment. The relevance of the indictment, defendant attempts to explain, is that it shows the State charged and tried the wrong person.

The fallacy of defendant's argument is its implicit, and erroneous, premise that the physical identifications in court have anything to do with the fact that someone else named Rodney Lee Jones is a convicted felon. The identifications were based on personal observation by longtime acquaintances, not the name of the accused. The fact that the State originally, and mistakenly, charged him as a prior offender is not relevant on the issue of his guilt or innocence. Defendant's second point is without merit.

Finally, defendant alleges that he was denied effective assistance of counsel at trial. Defendant is represented by different counsel on appeal, and he alleges that this entitles him to raise this claim on direct appeal.

A claim of ineffective assistance of counsel is ordinarily not cognizable on direct appeal. *State v. Bromwell*, 631 S.W.2d 698, 699 (Mo.App.1982). Further, the test for presenting the issue here is not whether there is different counsel on appeal, but rather whether the record has been sufficiently developed to allow this court to rule on the claim. *Id.*

The record before us fails in this respect. We therefore do not address defendant's third point.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.