STATE of Missouri, Respondent,

v.

Robert LAKEBRINK, Appellant.

No. 48225.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 23, 1985.

Daniel B. Hayes, Clayton, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Robert Lakebrink, appeals from his conviction after a jury trial of assault in the first degree. He was sentenced to ten years' imprisonment.

Defendant alleges on appeal that (1) the State failed to make a submissible case, and (2) the court erred in failing to give MAI–CR 2.28, an instruction on excusable homicide or assault. We affirm.

■ The State clearly made a submissible case on the charge of first degree as-

sault. The State was required to prove that the defendant attempted to kill or knowingly caused or attempted to cause serious physical injury to another person. § 565.050, RSMo (Supp.1984). In the present case the evidence, viewed in the light most favorable to the verdict, *State v. Jones*, 672 S.W.2d 707, 708 (Mo.App.1984), showed the defendant threatened to shoot the victim and then shot him in the head. Defendant's first point is denied.

Defendant's other point on appeal claims error in the failure of the court to give MAI–CR 2.28.[1] This instruction is applicable to assault cases and is required whether requested or not, when there is evidence to support it. MAI–CR 2d, at XVII; MAI–CR 2d 2.28, Notes on Use.

Defendant took the stand in his own defense and testified that the shooting was an accident. He stated that as he reached to turn off a light, he tripped over something, slipped, and the rifle he was holding discharged. Despite this testimony, MAI–CR 2.28 was not requested by the parties nor given by the trial court.

Because the instruction is one which has to be given, if supported by the evidence, whether requested or not, the failure of the court to give the instruction constitutes error.

The State claims this error was not preserved in defendant's motion for new trial, because the facts which would support the giving of the instruction are not set out in the motion. We have reviewed defendant's motion and find it sufficient to preserve this issue. In addition, it is clear from the transcript the motion was sufficient to

---

1. MAI–CR 2.28, when modified as the defendant has done in his brief, provides:

One of the issues in this case is whether the injury of [*name of victim*] was an excusable assault. By "excusable assault" is meant the injury of another by accident or misfortune under the circumstances submitted in this instruction. On that issue you are instructed as follows:

1. The state has the burden of proving beyond a reasonable doubt that the injury of [*name of victim*] was not an excusable assault. The defendant is not required to prove that the injury was excusable. If the injury was an excusable assault, or if the evidence in this case leaves in your mind a reasonable doubt as to whether the injury was an excusable assault, then you must find the defendant not guilty.

2. You will acquit the defendant on the ground of excusable assault and return a verdict of not guilty if the injury of [*name of victim*] was the result of accident or misfortune in [describe lawful act by lawful means that caused the injury] without unlawful intent and without reckless disregard for human life and safety.

raise the issue in the mind of the trial judge.

 The State also argues defense counsel waived the giving of the instruction or invited the court not to submit it. This waiver allegedly came during an off the record discussion involving the court and the attorneys. But "[t]his court has neither the power nor the inclination to permit the disposition of this appeal to be governed by alleged happenings 'off the record.'" *Cobb v. R.W. Beasley Construction Co.*, 536 S.W.2d 535, 537 (Mo.App. 1976); *State v. Shives*, 601 S.W.2d 22, 30 (Mo.App.1980). Also, any such waiver must appear clearly from the record. *Edwards v. State*, 569 S.W.2d 779, 780 (Mo. App.1978); *State v. Harmon*, 243 S.W.2d 326 (Mo.1951). Consequently, we do not accept the State's argument that defendant waived the giving of this instruction.

 In addition, the State argues that the only evidence suggesting defendant accidentally shot the victim was defendant's testimony. If a defendant's testimony presents such a defense, he is entitled to an instruction on the subject, even though his testimony may be contradicted by all the other evidence in the case. *State v. Nevels*, 609 S.W.2d 725, 727 (Mo.App.1980).

 Having determined that the trial court erred, we now consider its prejudicial effect. Rule 28.02(e). The defense of accident was fully presented in the evidence. Although the closing arguments of counsel are not included in the record on appeal, we presume that defense counsel was not prevented from arguing accident by the trial court. The verdict-directing instruction premises defendant's culpability on an intentional act. Thus the issue of "accident" versus "intentional act" was properly framed by the instructions and was fully developed by the evidence for the jury. MAI–CR 2.28, although a correct statement of the common law, was surplusage and unnecessary to a proper adjudication of the case.

 Even if we were prone to reverse and remand as a matter of policy, *State v.*

*Sanders*, 541 S.W.2d 530 (Mo. banc 1976), we note that MAI–CR 2.28 has been withdrawn. The withdrawal of MAI–CR 2.28 was approved August 13, 1984; effective October 1, 1984. MAI–CR 2d 2.28. There was no new instruction approved to replace it. Thus if we were to reverse and remand based upon instructional error, we would be faced with the incongruous situation of directing the trial court to instruct the jury in the same manner as it did in the first trial. Instructions do not create the law; they simply state the law. They are procedural in nature. *Meredith v. Missouri Pacific Railroad Co.*, 467 S.W.2d 79, 82 (Mo. 1971). The law of the case was properly stated in the instructions as given. We find no prejudice in failing to give an instruction which was not requested and which has been withdrawn as an approved instruction.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.