STATE of Missouri, Respondent,

v.

**Mark Stephen McCABE, Appellant.**

No. 49610.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 11, 1986.

Motion for Rehearing and/or Transfer
Denied April 8, 1986.

Application to Transfer Denied
May 13, 1986.

Kathleen Murphy Markie, Columbia, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Mark Stephen McCabe, was convicted in a jury trial of two counts of burglary in the second degree, § 569.170, RSMo (1978); one count of felony stealing, § 570.030, RSMo (Cum.Supp.1984); and one count of misdemeanor stealing, § 570.030, RSMo (Cum.Supp.1984). He appeals from the judgment of the trial court sentencing him, as a persistent offender, under § 558.-016, RSMo (Cum.Supp.1984), to a total of thirty years' imprisonment and a fine of $1.00. We affirm.

The defendant challenges the submissibility of the State's case. In viewing the sufficiency of the evidence, we consider the facts in the light most favorable to the verdicts. *State v. Arnold*, 566 S.W.2d 185, 187 (Mo. banc 1978). The jury reasonably could have found from the evidence that, on February 2, 1984, between 7 p.m. and 8:30 p.m., defendant entered two different houses in St. Charles County by prying open the front door. He then ransacked each house. From the first house, defendant took money and costume jewelry, which he carried away in pillowcases. From the second house, defendant took coin books, jewelry, a billfold and other personal items.

At approximately 8:35 p.m. two police officers stopped a station wagon in which defendant was a passenger. Earlier that same day a St. Louis County police officer from the burglary division had relayed information to the St. Charles County police regarding two burglaries which had occurred on February 1, 1984. He gave the names of three suspects and a description as well as the license plate number of the vehicle allegedly used in the burglaries. He also furnished details as to the bur-

glars' usual method of operation, which involved entering a residence by prying the front door open with a tool and carrying away items in pillowcases.

After the automobile was stopped and defendant and the driver got out, one of the officers walked to the open passenger door and looked inside. He was able to see socks, a tire tool, a black glove, a flashlight, a Haines Street Directory, channel locks and a pillowcase which was partially tucked under the seat. He looked inside the pillowcase and discovered some money and jewelry. He replaced the pillowcase and then placed defendant and the driver of the automobile under arrest. The automobile was impounded and transported to the police station where it was later searched.

Defendant was handcuffed and taken to the police station, where he was placed in a glass-enclosed holding cell. At that time his boots were taken from him. Later, a police officer noticed that defendant was moving his head as if attempting to retrieve something from the breast pocket of his jacket with his mouth. He was still handcuffed at the time. The officer reached into defendant's pocket and pulled out a piece of paper, which was later determined to be cut out of the Haines Street Directory and which listed the homes where the burglaries had occurred the day before.

The driver of the station wagon, a co-defendant who had pled guilty and was under sentence, testified on behalf of defendant. He stated that defendant was not involved in the crimes but had only been picked up as a hitchhiker.

In his first point defendant challenges the failure of the trial court to suppress certain items of physical evidence. Prior to trial, defendant filed a motion to suppress the following evidence: his boots and the piece of paper in his coat pocket, both of which were removed at the police station holding area; and his wallet, which was seized from the impounded vehicle during a search at the police station. After an evidentiary hearing, the trial court denied defendant's motion.

■ Defendant contends that there was no probable cause to stop the automobile in which he was a passenger. It is well settled that, in appropriate circumstances, a police officer may stop a vehicle for investigative purposes, although no probable cause to arrest exists. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Clark*, 607 S.W.2d 817, 819 (Mo. App.1980). Such a stop is permissible when the officer entertains a reasonable suspicion that criminal activity is afoot. *State v. Lasley*, 583 S.W.2d 511, 518 (Mo. banc 1979). "The standard is whether the facts available to the officer at the moment of the seizure warrant a person of reasonable caution in the belief that the action taken was appropriate." *Id.; State v. Lowrance*, 619 S.W.2d 354, 355 (Mo.App.1981).

The initial stop of the car in which defendant was riding was based upon the fact that the vehicle and the license plate number matched the information furnished by another police department involved in the investigation of two previous burglaries. Based upon the facts available to them at the time of the stop, the police officers had a reasonable suspicion that the automobile was the one involved in those prior burglaries. The stop of the vehicle was predicated upon "particularized and articulable objective facts which, taken together with rational inferences from these facts," reasonably warranted the intrusion. *United States v. Williams*, 714 F.2d 777, 779 (8th Cir.1983). The stop of the automobile was therefore permissible.

■ Defendant also asserts that his subsequent arrest was not based upon probable cause; so that any search incident thereto was unconstitutional. Arrest without a warrant requires probable cause. *State v. Kroll*, 682 S.W.2d 78, 82 (Mo.App. 1984). Probable cause to arrest exists when the arresting officer's knowledge of the facts and circumstances is sufficient to warrant a prudent person's belief that the suspect is committing or has committed an offense. *Id.*

In the present case, the items discovered in the car, together with the facts known to the officers before the stop, were sufficient to warrant a belief that defendant had committed a burglary. Defendant, however, challenges this search of the automobile as unconstitutional, with the result that his subsequent arrest was also improper.

■ In *State v. McCrary*, 621 S.W.2d 266, 273 (Mo. banc 1981), the Missouri Supreme Court held that, in order for defendant's Fourth Amendment rights to be violated or for defendant to have standing to assert a violation of Art. I, § 15 of the Missouri Constitution, defendant must have a legitimate expectation of privacy in the place or thing searched. The proponent of the motion to suppress has the burden of establishing that his own constitutional rights were violated by the challenged search and seizure. *State v. Eidson*, 701 S.W.2d 549, 553 (Mo.App.1985). At the hearing on his motion, defendant made no claim of an expectation of privacy in the automobile or its contents. "A person who is aggrieved by an illegal search and seizure only through the introduction of physical evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Id.* Defendant has no standing to challenge the search of the automobile, so that the items found in the search could properly form the basis for probable cause to arrest defendant.

■ Incident to a lawful arrest, an officer may conduct a warrantless search of the person of the arrestee and the area within his immediate control in order to prevent the arrestee from obtaining a weapon or destroying evidence. *State v. Woods*, 637 S.W.2d 113, 116 (Mo.App.1982) (citing *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)). Searches and seizures that could have been made at the time and place of arrest may be conducted later when the arrestee is at the place of detention. *Id.* The search of defendant conducted at the police station at which time the boots and piece of paper were seized was valid both as incident to a lawful arrest and as an inventory procedure. *See, e.g., State v. Webb*, 645 S.W.2d 382, 383 (Mo.App.1983). As previously noted defendant has no standing to challenge the search of the automobile which led to the seizure of his wallet. The trial court properly admitted the evidence seized. Defendant's first point is denied.

■ Defendant's second point alleges error in the trial court's permitting an assistant public defender first to consult with his former client, the driver and co-defendant, and then to testify on cross-examination about what that client had told him regarding defendant's participation in the burglaries. The State had called the assistant public defender as a rebuttal witness after the co-defendant had testified that defendant was not involved in the burglaries and was only a hitchhiker. Defendant asserts that a conflict of interest was created because his attorney was also a public defender and his attorney's loyalty was therefore divided between the defendant, his client, and the witness. He argues that such a conflict denied him effective assistance of counsel.

Defendant did not make a contemporaneous objection with regard to the witness's testimony nor with regard to the witness's consultation with the co-defendant. Failure to make an objection at trial does not preserve the claimed error for appellate review. *State v. Pospeshil*, 674 S.W.2d 628, 632 (Mo.App.1984). We have reviewed the record and find that no "manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.

■ Moreover, defendant's claim of ineffective assistance of counsel is a collateral attack on the judgment of the trial court and ordinarily will not be considered on direct appeal. *State v. Bromwell*, 631 S.W.2d 698, 699 (Mo.App.1982). A proceeding under Rule 27.26, in which the issue can be fully explored in an evidentiary hearing, is the usual remedy. *State v. Lindley*, 545 S.W.2d 669, 671 (Mo.App. 1976). Further consideration of defendant's allegation of ineffective assistance of

counsel would be inappropriate, for the reason that the record does not sufficiently develop the facts essential for a meaningful review. Defendant's second point is denied.

 In his third point, defendant charges error in the trial court's refusal to grant a mistrial because of prejudicial remarks made by the prosecutor during his closing argument. The prosecutor asked whether the jury would buy a used car either from the co-defendant who had testified on defendant's behalf or from counsel for defendant. Defendant's objection to such argument was sustained, but his request for a mistrial was denied.

Broad discretion is accorded the trial court in determining the latitude of closing argument. The exercise of that discretion will not be disturbed on appeal unless it is so abused that defendant is prejudiced thereby. *State v. Lawson*, 627 S.W.2d 901, 903 (Mo.App.1982). The granting of a mistrial is a drastic action and should be exercised only in those circumstances where no other curative action would remove the prejudice claimed. *State v. Miller*, 680 S.W.2d 253, 255 (Mo.App.1984). In the present case, the trial court sustained defendant's objection to the testimony. No curative instruction was requested by defendant. The complained of prosecutorial statements, taken in the context of the total argument, merely bore on the credibility of the defense witness's testimony and on the believability of the defense offered by defense counsel. Although the prosecutor could have chosen a less inflammatory way to place the question of credibility before the jury, his remarks were not so prejudicial as to require a mistrial. The trial court did not abuse its discretion in failing to grant a mistrial. Defendant's third point is denied.

We have examined defendant's fourth and fifth points which challenge the trial court's finding that defendant was a persistent offender and the sufficiency of the evidence. No jurisprudential purpose would be served by a written opinion on those points. They are therefore denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

SATZ and PUDLOWSKI, JJ., concur.