**STATE of Missouri, Plaintiff–Appellant,**

v.

**Teresa M. ARENS,
Defendant–Respondent.**

**No. WD 40176.**

Missouri Court of Appeals,
Western District.

July 5, 1988.

Albert A. Riederer, Pros. Atty. In and For Jackson County, Missouri, Robert Frager, Asst. Pros. Atty., Kansas City, for appellant.

Dean Price, Asst. Public Defender, Kansas City, for respondent.

Before MANFORD, P.J., and
TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

This is an interlocutory appeal by the State under § 547.200, RSMo 1986, from an order suppressing evidence. Reversed and remanded.[1]

Teresa M. Arens was under investigation by the Kansas City Police Department for the theft of a package delivered by UPS. Arens voluntarily went to the police station to talk with Detective Ericsson. Ericsson prepared forms for Arens to sign concerning her *Miranda* rights, and in looking over the forms Ericsson noticed that Arens had spelled her name differently from the way it appeared on his records. Ericsson asked Arens to produce some identification so that he could ascertain the correct spelling of her name.

Arens opened her purse and started going through it. Ericsson was sitting next to her and could see that she had items in her purse that he thought might be identification. After it became apparent that Arens was not going to produce identification, Ericsson asked her if he could look in her purse. Arens refused, and Ericsson advised her that she was under arrest for stealing the package. Ericsson thereupon took Arens' purse and searched it. The search revealed a number of laundry tickets, including the hard copy that normally would be kept in the business office. Ericsson knew that Arens worked for Tower Cleaners, and he became suspicious that Arens might be taking funds from Tower Cleaners because of the presence in her purse of hard tickets used in that business.

Arens was thereafter charged with felony stealing of over $150 from the owner of Tower Dry Cleaners.

1. Arens was represented by the Public Defender at the hearing on the motion to suppress. Thereafter, a private attorney entered his appearance and was given notice of this appeal. No brief was filed on behalf of Arens in this court.

Arens filed a motion to suppress evidence of the tickets taken from her purse. A hearing was held and the court concluded that Arens had been placed under arrest prior to Ericsson seizing the purse and searching it. However, the court felt that Ericsson should have secured the purse and obtained a search warrant before he searched her purse. The court sustained the motion to suppress evidence of the laundry tickets.

In *Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983), the United States Supreme Court held that after an arrest in the police station it was permissible to search a shoulder bag carried by the person arrested in order to inventory the contents. The Court pointed out that the Illinois court had taken the view that the police could secure the bag and obtain a warrant before searching it. However, the Supreme Court stated that the real question was not what the police could have done but what the fourth amendment requires to be done. 462 U.S. at 647, 103 S.Ct. at 2610. The Court held that it was proper to search the shoulder bag without obtaining a warrant after the person had been placed under arrest.

In *State v. McCabe*, 708 S.W.2d 288, 291[4] (Mo.App.1986), the court held that a person who has been arrested may be searched at the police station without a warrant, both as incident to a lawful arrest and as an inventory procedure.

The search here took place after a valid arrest in the police station. Under *Lafayette* the search was proper in order to inventory the contents of the purse and to insure that no contraband was introduced into the jail. Under *McCabe* the search was lawful as incident to a lawful arrest and as an inventory procedure.

The order suppressing evidence of the laundry tickets is reversed, and this cause is remanded for further proceedings.

All concur.