**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Ali ELLIS, Defendant/Appellant.**

**No. ED 95519.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 20, 2011.

Jo Ann Rotermund, Assistant Public Defender, Appellate/PCR Division, Public Defender's Office, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, Ali Ellis, appeals from the judgment entered after the trial court found him guilty of possession of a controlled substance, in violation of section 195.202 RSMo (2000). The trial court sentenced defendant to three years imprisonment, suspended execution of sentence, and placed defendant on two years probation. On appeal, defendant challenges the admission of the controlled substance into evidence after the denial of his motion to suppress. We affirm.

On October 31, 2009, Officer Lawrence Kreisman and another police officer saw

defendant urinating on a wall overlooking a MetroLink platform and told him they were going to issue a summons to him for urinating in public. While the other officer was checking defendant's identification, defendant started to walk away. Officer Kreisman grabbed him. Defendant attempted to break away and cursed at Officer Kreisman. Officer Kreisman then physically restrained defendant. The two officers handcuffed defendant and charged him with resisting arrest. They conducted a pat-down search of defendant to make sure he did not have "anything on him" and took the backpack he was wearing because they were not "going to leave that on him in the car." They placed him in the back of a police cruiser, which they had called to the scene, and locked the door. The police officers then searched defendant's backpack. Officer Kreisman testified that he conducted a routine search incident to arrest that he does "every time." He explained:

> We pat him down—I pat him down, go through his pockets, make sure he doesn't have anything in there. We do an even more thorough search when we get back to the station, but just we do a cursory search, patting him down. You know, if they have a bag, a purse, whatever we're going to go through that.

The officers found two tablets in the backpack that were later identified as methylendioxymethamphetamine, also known as "ecstasy."

After defendant was charged with possession of a controlled substance, defendant filed a motion to suppress physical evidence on the ground that the officers' search of the backpack was "undertaken without warrant and without lawful authority." The trial court overruled the motion preliminarily during a bench trial and after the trial ended.

For his sole point on appeal, defendant asserts that the trial court erred in denying his motion to suppress physical evidence and in admitting the evidence of the controlled substance because the evidence was "the fruit of an unreasonable search and seizure," and the state did not meet its burden to prove that the drugs would have been the subject of inevitable discovery. He contends that (1) the search of the backpack was not incident to arrest because, at the time the backpack was searched, defendant was already arrested, locked in the police car, and unable to access his backpack; and (2) the state did not establish "beyond a reasonable doubt" the procedures and protocols for searching "closed containers during an inventory search."

We review a trial court's ruling on a motion to suppress to determine if it is supported by substantial evidence, and we reverse the trial court's ruling only if it is clearly erroneous. *State v. Johnson*, 354 S.W.3d 627 (Mo. banc 2011). We view the facts and reasonable inferences therefrom in the light most favorable to the trial court's ruling, and we disregard contrary evidence and inferences. *Id.* However, whether a search is permissible and whether the exclusionary rule applies to evidence obtained through that search, are questions of law that we review *de novo*. *Id.*

The Fourth Amendment to the United States Constitution guarantees the right of all citizens to be free from unreasonable searches and seizures. Article I, section 15 of the Missouri Constitution guarantees that right to the same extent as the Fourth Amendment. *Johnson*, 354 S.W.3d at 630. As a general rule, warrantless searches and seizures are presumptively unreasonable and therefore unconstitutional unless the search and seizure falls within certain well-established, narrowly delin-

eated exceptions. *State v. Greene,* 785 S.W.2d 574, 576 (Mo.App.1990). *See State v. Heitman,* 589 S.W.2d 249, 253 (Mo. banc 1979). Among the exceptions to the warrant requirement are: "a search incident to a lawful arrest; a protective search; the seizure of an object in plain view; a consensual search; a search required by the exigent circumstances of the situation; an inventory search; and the seizure of property which has been abandoned." *Greene,* 785 S.W.2d at 576. In addition, there is a "good-faith" exception. *See Johnson,* 354 S.W.3d at 633.

The good-faith exception appears in a line of Supreme Court cases beginning with *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Leon* held that in some instances, when law enforcement officers act in the good-faith belief that a search is legal, even if that search is ultimately determined to be unlawful, the evidence is admissible because to exclude it would have no deterrent effect on future law enforcement conduct. *Id.* at 922–23, 104 S.Ct. 3405. This exception has been extended to evidence discovered during a search conducted in objectively reasonable reliance on binding judicial precedent. *Davis v. United States,* —— U.S. ——, 131 S.Ct. 2419, 2428, 2434, 180 L.Ed.2d 285 (2011); *Johnson,* 354 S.W.3d at 633–34.

■ Defendant first argues that the search was not a search incident to a lawful arrest because defendant was "already under arrest, locked in a patrol car and without access to the backpack" when the officers searched the backpack, citing *Arizona v. Gant,* 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), and a 2010 unpublished Pennsylvania federal district court decision.[1] He also argues that there was insufficient evidence to show that the controlled substance would have been inevita-

bly discovered in an inventory search, again relying on the unpublished district court decision.

*Gant* addressed the search of a *vehicle* incident to arrest and held that when it is reasonable to suspect that a vehicle contains evidence of the offense of the arrest, police are authorized to search that vehicle incident to the recent occupant's arrest "only if the arrestee is within reaching distance of the passenger compartment at the time of the search." 129 S.Ct. at 1723. Defendant has not cited any reported federal or state appellate opinion that has extended *Gant* to the search of an arrestee's personal effects, such as a purse or backpack, that are on the person of an arrestee at the time of the arrest. We do not need to reach the question of whether *Gant* should extend to the search in this case because, even if we were to so hold, the good faith exception applies.

■ At the time of the search in this case, binding judicial precedent allowed police officers to search, as part of the search *of a person* incident to a lawful custodial arrest, the personal effects on the person of an arrestee at the time of the arrest. *See United States v. Edwards,* 415 U.S. 800, 803–04, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974) (clothing); *State v. Vitale,* 795 S.W.2d 484, 486–87 (Mo.App.1990) (jacket); *Greene,* 785 S.W.2d at 576–77 (purse); *State v. McCabe,* 708 S.W.2d 288, 291 (Mo. App.1986) (boots and piece of paper); *State v. Rattler,* 639 S.W.2d 277, 278 (Mo. App.1982) (purse); *State v. Woods,* 637 S.W.2d 113, 116 (Mo.App.1982) (purse). *See also United States v. Oakley,* 153 F.3d 696, 698 (8th Cir.1998) (backpack); *Curd v. City Court of Judsonia, Ark.,* 141 F.3d 839, 842–44 (8th Cir.1998) (purse). Further, a search and seizure that could have been made at the time of the arrest may also be conducted when the arrestee ar-

---

1. Such decisions are neither binding nor persuasive precedent in Missouri courts. *Thorn-* *burgh Insulation v. J.W. Terrill,* 236 S.W.3d 651, 656 n. 4 (Mo.App.2007).

rives at a place of detention. *Edwards*, 415 U.S. at 803, 94 S.Ct. 1234. A search of the person at the place of detention likewise includes a search of the property that had been on the arrestee's person. *Id.* at 803–04, 94 S.Ct. 1234. *See Vitale*, 795 S.W.2d at 487; *Greene*, 785 S.W.2d at 577; *McCabe*, 708 S.W.2d at 291; *Rattler*, 639 S.W.2d at 278; *State v. Webb*, 645 S.W.2d 382, 383 (Mo.App.1983) (jacket); *Curd*, 141 F.3d at 843–44.[2] The accessibility of the property to an arrestee while the property is being searched has not been the benchmark. *Vitale*, 795 S.W.2d at 487. *See also* 3 WAYNE R. LaFAVE, SEARCH AND SEIZURE § 5.3(a), at 147–148 (4th ed.2004).

The reason that property on a person, such as a purse, wallet, or backpack, may be searched as part of a search of a person is that such property is more "immediately associated" with the "person" of the arrestee than other personal property. *Woods*, 637 S.W.2d at 116; *see also Greene*, 785 S.W.2d at 576–77; *Rattler*, 639 S.W.2d at 278; *Curd*, 141 F.3d at 843. *Curd*, citing *Woods*, 637 S.W.2d at 116, held that it agreed with the general view, and set out the following explanation:

> "The human anatomy does not naturally contain external pockets, pouches, or other places in which personal objects can be conveniently carried. To remedy this anatomical deficiency clothing contains pockets. In addition, many individuals carry purses or shoulder bags to hold objects they wish to have with them. Containers such as these, while appended to the body, are so closely associated with the person that they are identified with and included within the concept of one's person. To hold differently would be to narrow the scope of a

search of one's person to a point at which it would have little meaning."

*Curd*, 141 F.3d at 843 (quoting *United States v. Graham*, 638 F.2d 1111, 1114 (7th Cir.1981)).

Although *Gant* was decided prior to defendant's arrest, it applied to vehicle searches and the seizure of items in vehicles that are not immediately associated with the person of an arrestee. Defendant has not provided a citation to any published appellate opinion, much less one having precedential value in Missouri and decided prior to October 31, 2009, that extends *Gant* to a search of the personal effects on the person of an arrestee during a search of a person. The search conducted in this case strictly complied with binding precedent that had not been overruled or abrogated and that allowed, as part of the search of a person incident to arrest, the search of the personal effects on the person of an arrestee. The controlled substance recovered was therefore not subject to the exclusionary rule.

Because we so hold, we also do not reach the question of whether there was sufficient evidence to show that the controlled substance would also have been inevitably discovered in an inventory search. For all of the above reasons, point one is denied.

*Conclusion*

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concur.

---

**2.** In addition, containers or articles found in the possession of an arrestee may also be subjected to an inventory search if an arrestee is taken to a police station. *See Illinois v. Lafayette*, 462 U.S. 640, 647, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983); *State v. Arens*, 753 S.W.2d 325, 326 (Mo.App.1988); *McCabe*, 708 S.W.2d at 291; *Webb*, 645 S.W.2d at 383; *Woods*, 637 S.W.2d at 116 n. 2.