Richard B. Teitelman, Judge,
concurring in part and dissenting in part.-
I concur with the principal opinion to the extent it holds that the search was unlawful because it occurred while Mr., Carra-well’s belongings were beyond his immediate control. I respectfully dissent from the principal opinion’s holding that the exclusionary rule does not apply.
The principal opinion makes a compelling case, based on binding authority from the United States Supreme Court, that the search was unlawful. After establishing that the search was unlawful, the principal opinion holds that the evidence seized from Mr. Carrawell’s personal belongings is nonetheless admissible because at least two Missouri court of appeals cases had erroneously held that an arrestee’s personal belongings may be searched even when they are not within the immediate control of the arrestee. See State v. Ellis, 355 S.W.3d 522, 524 (Mo.App.2011); State v. Rattler, 630 S.W.2d 277, 278 (Mo.App. 1982). As the principal opinion notes, the reasoning in Ellis and Rattler misconstrues the individual constitutional right to be free from unreasonable searches. While it is true that the exclusionary rule does not apply when a search is conducted in a manner permitted by existing case law, as the principal opinion demonstrates, the overwhelming weight of authority from the United States Supreme Court establishes that the search wa’s illegal.
Given the overwhelming weight of authority holding that searches such as the one conducted in this case are illegal, the exclusionary rule should apply. The exclusionary rule ineentivizes the government to exercise its considerable authority with due regard for constitutionally protected individual rights. If the government can justify illegal searches by parsing through volumes of court of appeals cases until locating an erroneously décided case supporting the desired result, then the incentives provided by the exclusionary rule are diluted. Although Mr. Carrawell’s alleged actions.do not make him the most sympathetic figure, the fact remains that the constitutional limitations "on the government’s authority to search and seize pri *855 vate property retain vitality Only if tHose limits are applied rigorously and consistently. Therefore, I would hold that the illegally obtained evidence should have been excluded.