STATE of Missouri, Respondent,

v.

Howard D. JOHNSON, Appellant.

State of Missouri, Appellant,

v.

Andrea M. Hicks, Respondent.

State of Missouri, Appellant,

v.

Dustin Tom Kingsley, Respondent.

State of Missouri, Appellant,

v.

Heather Sue Kingsley, Respondent.

Nos. SC 91173, SC 91182, SC 91214, SC 91429.

Supreme Court of Missouri, En Banc.

Dec. 6, 2011.

Ellen H. Flottman and Alexa I. Pearson, Public Defender's Office, Columbia, for Howard D. Johnson, in No. SC91173.

Joshua N. Corman, Howell County Prosecutor's office, for State, in No. SC91182.

Terrence M. Messonier, Attorney General's Office, Jefferson City, for State, in Nos. SC91214 and SC91429.

Daniel N. McPherson, Attorney General's Office, Jefferson City, for State, in No. SC91173.

Matthew M. Ward, Public Defender's Office, Columbia, for Andrea M. Hicks, in No. SC91182.

Sarah Duncan, Johns, Mitchell & Duncan LLC, Clinton, for Dustin Tom Kingsley and Heather Sue Kingsley, in Nos. SC91214 and SC91429.

MARY R. RUSSELL, Judge.

Four appeals have been consolidated[1] because each involves the issue of whether evidence obtained in a search of a motor vehicle incident to a traffic arrest is admissible. The defendants were secured at the time of search, and there was no reason to believe that evidence of the crime for which each defendant was arrested was in any of their vehicles. The searches were performed in compliance with binding appellate precedent. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Harvey* 648 S.W.2d 87, 89–90 (Mo. banc 1983). However, while these four cases were pending, *Arizona v. Gant* was decided, holding that such searches were unlawful. 556 U.S. 332, 343, 129 S.Ct. 1710, 1719, 173 L.Ed.2d 485 (2009). Each defendant, relying on *Gant,* filed a motion to suppress the evidence obtained from these searches. The question before this Court is whether the exclusionary rule suppresses evidence obtained in a search conducted in compliance with binding appellate precedent when such precedent was later overturned.

This issue was resolved under a similar factual situation in *Davis v. U.S.,* —— U.S. ——, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011). There, the Supreme Court held that a motor vehicle search incident to a traffic arrest that occurred prior to *Gant,*

violated the Fourth Amendment when the arrestee was secured, and when there was no reason to believe that there was evidence of the crime of the arrest in the vehicle. *Id.* at 2431. *Davis* concluded, however, that this Fourth Amendment violation did not warrant the harshness of the exclusionary rule because the officer was acting in "objectively reasonable reliance" on binding appellate precedent. *Id.* at 2434.

■■■■ Article I, section 15 of the Missouri Constitution protects against unreasonable searches and seizures to the same extent as the Fourth Amendment. *See State v. Oliver,* 293 S.W.3d 437, 442 (Mo. banc 2009). Accordingly, in light of *Davis,* this Court holds that when an officer conducts a search incident to arrest in "objectively reasonable reliance" on binding appellate precedent that is later overturned, the exclusionary rule does not suppress the evidence obtained as a result of that search.

The judgment overruling the motion to suppress in Howard Johnson's case is affirmed. The judgments sustaining the motions to suppress in Dustin Kingsley's, Heather Kingsley's, and Andrea Hicks' cases are reversed and remanded.

## I. Facts

### A. Johnson

Howard Johnson was arrested for driving without a valid license. Incident to the arrest, the arresting trooper searched Johnson's vehicle while Johnson sat in the patrol car. The search turned up pieces of a white "rock-type substance"—later confirmed to be cocaine—in the front of the vehicle. The trooper also found a cigarette box with crack cocaine smoking paraphernalia—a glass pipe, a broken piece of

---

1. This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

car antenna covered in cocaine residue, copper mesh that is commonly used as a filter when smoking crack cocaine, and a brown paper sack that contained a soda can with the lid and bottom cut out and rolled into a tube.

Johnson was charged with driving without a valid license, possession of a controlled substance, and possession of drug paraphernalia. Before trial, he prepared and submitted a *pro se* motion to suppress the evidence obtained in the search of his vehicle. His arguments in support of the motion included that the evidence was illegally obtained in an unlawful search and seizure. The motion was overruled after a hearing, and trial counsel renewed the objections to the evidence seized from the vehicle. Again, his objections were overruled, and the trial court allowed the evidence to be presented. After a jury trial, Johnson was convicted of operating a motor vehicle without a valid license and possession of a controlled substance.[2]

### B. Hicks

Andrea Hicks was arrested for driving while her license was suspended. The arresting officer handcuffed her and placed her on the curb. Subsequently, the officer searched her vehicle because he believed he had the authority to do so incident to her arrest. That search produced a syringe containing methamphetamine. Hicks was charged with possession of a controlled substance. She filed a motion to suppress, which the trial court sustained. The court reasoned that Hicks'

motion to suppress should be sustained under *Gant*.

### C. Dustin and Heather Kingsley

An officer stopped a vehicle driven by Dustin Kingsley. Heather Kingsley was riding in the in the passenger seat.[3] The officer asked Dustin for his driver's license, and he informed the officer that he did not have one because his license had been revoked. The officer observed that Dustin appeared nervous and contacted dispatch to confirm that his license had been revoked. After the officer received confirmation of revocation, he handcuffed Dustin and placed him in the back of his patrol car. Around the time the officer was arresting Dustin, another officer searched the stopped vehicle incident to Dustin's arrest. Heather was instructed to wait by the back of the car. During the search, the officer found a spoon, a syringe, and some small bags of a white powdery substance. After the search, Heather was also arrested.

Dustin and Heather were both charged with possession of a controlled substance. Both filed motions to suppress the evidence obtained during the search. The trial court sustained both motions because it found the search was prohibited by *Gant*.

### II. Standard of Review

A trial court's ruling on a motion to suppress must be supported by substantial evidence. *State v. Gaw*, 285 S.W.3d 318, 319 (Mo. banc 2009). The facts and reasonable inferences from such facts are

---

**2.** He was acquitted of possession of drug paraphernalia.

**3.** Heather Kingsley was not secured at the time of search. Her arrest is not relevant to the search-incident-to-arrest analysis because the search in question in her case was not incident to her arrest. The search was, in-

stead, incident to Dustin Kingsley's arrest. The State argues that she did not have standing to challenge the constitutionality of the search. Because the State did not make any objection to Heather's standing at the suppression hearing, it failed to preserve its challenge on appeal.

considered favorably to the trial court's ruling, and contrary evidence and inferences are disregarded. *Id.* It is a question of law whether the searches in these cases were permissible and whether the exclusionary rule applies to the evidence seized as a result of those searches. Questions of law are reviewed *de novo. Id.* at 320.

■ While provisions of our state constitution may be interpreted to provide more expansive protections than comparable federal constitutional provisions, analysis of a section of the federal constitution is strongly persuasive in construing the like section of our state constitution. *Doe v. Phillips,* 194 S.W.3d 833, 841 (Mo. banc 2006). This Court has interpreted the protections of article I, section 15 of the Missouri Constitution to be coextensive with the protections guaranteed by the Fourth Amendment of the United States Constitution because both provisions provide the same guarantees against unreasonable searches and seizures. *Oliver,* 293 S.W.3d at 442.

### III. Analysis

#### A. Search of the Passenger Compartment of a Vehicle Incident to Arrest

In *New York v. Belton,* the Supreme Court held that an officer making a lawful custodial arrest of an occupant of a vehicle may, incident to that arrest, conduct a warrantless search of the passenger compartment of the arrestee's vehicle. 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). *Belton* instituted a bright-line rule because police officers needed direction to know the scope of their authority in the field. *Id.* at 459–60, 101 S.Ct. 2860.[4] *Belton* was "widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." *Gant,* 129 S.Ct. at 1718. This Court adopted this interpretation of *Belton* in *State v. Harvey,* 648 S.W.2d 87, 89–90 (Mo. banc 1983).[5]

■ Twenty-eight years after *Belton,* the Supreme Court revisited the vehicle-search incident-to-arrest exception to the warrant requirement in *Gant,* 129 S.Ct. at 1716. *Gant* rejected the interpretation of *Belton* that allowed for a search of the arrestee's vehicle incident to arrest based on the justification of officer safety when the arrestee was secured in the back of a police vehicle. *Id.* at 1720–21. Instead, *Gant* stated:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the of-

---

4. *Chimel v. California* originally justified the search-incident-to-arrest exception to the warrant requirement based on the rationales of officer safety and prevention of evidence destruction. 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). *Belton*'s, bright-line rule permitting the search of the passenger compartment of a vehicle incident to arrest was based on *Chimel*'s twin rationales. *Belton,* 453 U.S. at 460, 101 S.Ct. 2860.

5. *See also State v. Scott,* 200 S.W.3d 41, 43–44 (Mo.App.2006) (holding that "the search of

[Defendant's] car was a valid search incident to his arrest regardless of the officer's intent to search for drugs or the fact that [Defendant] was handcuffed in the patrol car at the time of the search"); *State v. Reed,* 157 S.W.3d 353, 359 (Mo.App.2005) (interpreting *Belton* and *Harvey* to allow searches of the passenger compartment of a vehicle incident to arrest "even though the defendants had been handcuffed and removed from direct and immediate access to the vehicles that they had recently driven").

fense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Id.* at 1723–24. In so stating, *Gant* invalidated the widely accepted interpretation of *Belton* endorsed by this Court in *Harvey.* *See Harvey,* 648 S.W.2d at 89–90. After *Gant,* when an arrestee is secured out of reaching distance of the vehicle, officers are no longer constitutionally allowed to search the passenger compartment of a vehicle incident to an arrest based upon the rationale of officer safety. *Gant,* 129 S.Ct. at 1723–24.

### B. The United States Supreme Court Decision in Davis.

#### 1. "Objectively Reasonable Reliance" on Binding Appellate Precedent

Earlier this year, the Supreme Court issued a decision squarely addressing the issue now before this Court. In *Davis v. United States,* the defendant's traffic arrest and vehicle search took place before *Gant,* but his appeal was conducted after *Gant. Davis,* —— U.S. ——, ——–——, 131 S.Ct. 2419, 2425–26, 180 L.Ed.2d 285. The Supreme Court held that *Gant* applies retroactively. *Id.,* at 2431 (applying *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). Retroactivity, however, was not the dispositive issue as to whether the evidence obtained from the vehicle search was admissible. *Id.* Instead, the Supreme Court reasoned that the exclusionary rule is a judicially created remedy that is distinct from the issue of the retroactivity of criminal procedure rules. *Id.* at 2427, 2430–31.

In *Davis,* the Supreme Court found that none of the justifications for applying the exclusionary rule were present. *Id.* at 2428–29. *Davis* stated that the harshness of the exclusionary rule is triggered only when police practices are "deliberate enough to yield meaningful deterrence, and culpable enough to be worth the price paid by the justice system." *Id.* at 2428 (internal quotation marks omitted) (citation omitted). The officers in *Davis* acted in strict compliance with the binding Eleventh Circuit precedent of *United States v. Gonzalez,* which interpreted *Belton* to establish a bright-line rule allowing a search of the passenger compartment incident to a recent occupant's arrest. *Davis,* 131 S.Ct. at 2428; *see United States v. Gonzalez,* 71 F.3d 819, 825 (11th Cir.1996). *Davis* reasoned that the officers acted as a reasonable officer would act under the circumstances and that the exclusionary rule was not judicially created to deter such actions performed in good faith. *Davis,* 131 S.Ct at 2429. *Davis* concluded that, if police conduct a search in "objectively reasonable reliance" on binding appellate precedent, the exclusionary rule does not apply. *Id.* at 2434.

■ Under the facts of all of the appeals here, the officers were acting in "objectively reasonable reliance" on binding appellate precedent. *Harvey*—in interpreting *Belton*—embraced a bright-line rule that allowed for a search of a vehicle incident to arrest even if the recent occupant was handcuffed in the back of a patrol car. *Harvey,* 648 S.W.2d at 89. With *Belton* and *Harvey* as the binding appellate precedent at the time of the searches in all the appeals here, and in accord with *Davis,* this Court holds that the exclusionary rule does not apply to these cases, as the searching officers acted in "objectively reasonable reliance" on that law. *Davis,* 131 S.Ct. at 2434.

#### 2. Subjective Analysis of Officer Conduct Is Irrelevant Under Davis

■ Johnson, however, makes an argument unique from the other defendants in

the cases before this Court. He argues that the searching officer's conduct was subjectively without good faith in his specific case. This argument contradicts *Davis*, as *Davis* does not require a showing of subjective good faith. Rather, the *Davis* inquiry is whether an officer's actions are performed in "objectively reasonable reliance" on binding appellate precedent. *Id.*

Johnson conceded in oral argument that the arresting officer in his case was relying on *Belton* and its progeny when conducting the search incident to arrest. He argues, however, that the discussion of the individual officers' conduct in *Davis* implies a subjective test. While it was noted in *Davis* that the officers who conducted the challenged search "did not violate [Defendant]'s Fourth Amendment rights deliberately, recklessly, or with gross negligence," this language does not create a subjective standard. *Davis*, 131 S.Ct. at 2428. *Davis*'s plain language states that the test is whether an officer was acting in "objectively reasonable reliance" on binding appellate precedent. *Id.* at 2434. Although *Davis* discussed the lack of culpability of the arresting officers, it was doing so in terms of the objective standard. Because the officers in *Davis* were acting in "objectively reasonable reliance" on binding precedent, they were not deliberately or recklessly circumventing the defen-

dant's Fourth Amendment rights. *Id.* at 2428–29.

*Davis* noted that the benefits of the exclusionary rule vary with the degree of culpability of the law enforcement conduct. *Id.* at 2427. It found that when police act with an objectively reasonable good faith belief that their conduct is lawful, the deterrence rationale of the exclusionary rule loses its effect. *Id.* at 2427–28. *Davis* concluded that when an officer acts in strict compliance with binding appellate precedent, his or her conduct is not wrongful and the exclusionary rule has no application. *Id.* at 2428–29. *Davis* makes it clear that officers act in good faith when they objectively rely on binding directives from the judiciary and the legislature even though these directives may be later overturned. *See Id.* at 2429.

■ In Johnson's case, the arresting officer had probable cause to arrest Johnson for driving without a license. A computer check revealed no valid license, and Johnson admitted that he was driving in violation of the terms of his permit.[6] Johnson's arrest was valid because it was based on probable cause. The officer's search of Johnson's vehicle incident to Johnson's valid arrest reflected the officer's "objectively reasonable reliance" on binding appellate precedent in *Belton* and *Harvey*.[7]

6. There is a factual dispute between the parties as to whether Johnson had a valid Texas driver's license, even though it was not in his possession the day of his arrest. This dispute, however, is irrelevant to the validity of his arrest. Instead, this fact would speak to Johnson's ultimate guilt. Probable cause need not rise to the level of actual guilt. *State v. Gant*, 490 S.W.2d 46, 48 (Mo.1973). "Probable cause exists where the facts and circumstances within the police officers' knowledge, and of which they have reliable and trustworthy information, would warrant a person of reasonable caution to believe that the person being arrested had committed the

offense." *State v. Chapman*, 627 S.W.2d 597, 598 (Mo.1982). The officer who arrested Johnson had probable cause based upon the facts and circumstances within his knowledge to believe that Johnson had committed the crime of driving without a valid driver's license. Johnson's arrest was valid.

7. Similarly, Heather Kingsley argues that because the searching officer did not testify that he was relying on *Belton* or *Harvey* during the search, the "objectively reasonable reliance" on binding appellate precedent test of *Davis* was not met. Logically, this argument has no merit. The test in *Davis* is clearly an objec-

## IV. Conclusion

The officers' actions in the cases before this Court were performed in "objectively reasonable reliance" on *Belton* and *Harvey*. In accord with *Davis*, this Court holds that the exclusionary rule does not apply because the searching officers acted in "objectively reasonable reliance" on settled, binding appellate precedent. *Davis*, 131 S.Ct. at 2434.

The trial courts' judgments sustaining the motions to suppress in Dustin Kingsley's, Heather Kingsley's, and Hicks' cases are reversed, and the cases are remanded.

 In Johnson's case, the trial court correctly overruled his motion to suppress and properly admitted the evidence at trial. The judgment in Johnson's case is affirmed.[8]

TEITELMAN, C.J.,
BRECKENRIDGE, FISCHER, STITH and PRICE, JJ., and SHERRY, Sp.J., concur.

DRAPER, J., not participating.

---

tive one, and the officer's subjective reliance upon case law is not considered in that analysis.

8. Johnson additionally argues that the cocaine and paraphernalia found in his car and admitted at trial were insufficient to support his conviction for possession of a controlled substance. The standard of review for sufficiency of the evidence claims is whether the evidence is sufficient for a reasonable juror to find each element of the crime beyond a reasonable doubt. *State v. O'Brien*, 857 S.W.2d 212, 215 (Mo. banc 1993). In light of the standard of review, the evidence was sufficient to support his conviction.

Johnson also challenges his conviction for driving without a valid driver's license. He alleges error in the trial court's jury instruction. Johnson concedes he did not properly preserve his objection, therefore, his claim may only be reviewed for plain error. Rule 30.20. To establish plain error for an instructional error, a defendant must show that the instructional error affected the jury's verdict and caused manifest injustice or a miscarriage of justice. *State v. Scott*, 278 S.W.3d 208, 212 (Mo.App.2009). Johnson failed to show he is entitled to plain error relief.