x



# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **STATE OF MISSOURI,** | **WD77088** |
| **Appellant,** | **OPINION FILED:** |
| **v.** | **OCTOBER 21, 2014** |
| **ROY D. LUCAS,** | |
| **Respondent.** | |

**Appeal from the Circuit Court of Randolph County, Missouri**
**The Honorable Scott Alan Hayes, Judge**

**Before Division Two: Victor C. Howard P.J., James E. Welsh, Anthony Rex Gabbert JJ.**

The State of Missouri appeals the circuit court's judgment suppressing all evidence seized, and statements made by Roy D. Lucas, after executing a search warrant at Lucas's residence. The State raises one point on appeal. The State argues that the circuit court erred in suppressing all evidence obtained as a result of the search of Lucas's residence because the exclusionary rule should not have been applied. The State contends that the officers who executed the search reasonably, and in good faith, relied on a facially valid search warrant. We affirm.

### Factual Background

On July 24, 2013, Judge Cindy Suter issued a warrant to search 825 E. Logan St. for marijuana, methamphetamine, cocaine, drug paraphernalia, cell phones, digital recording

devices, cameras, and other related items related to the drug trade.  The affidavit of Sergeant Mark Arnsperger was submitted in support of probable cause for the search warrant.  Officers executed the search warrant and seized a cell phone, six pipes for marijuana or methamphetamine, two BB pistols, a pistol cap gun, gun holsters, a knife, a bandana, a marijuana cigarette, and a homemade videotape.

Lucas was charged with one count of possession of a controlled substance, and one count of maintaining or keeping a public nuisance, both of which are class C felonies.  Before trial, Lucas filed a motion to suppress all evidence seized from him at his residence.  The trial court held a hearing on the motion.  The court found that the "issuing judge did not have a substantial basis for concluding that there was a fair probability that evidence related to methamphetamine would be found on [Lucas's] property.  As such, the determination that probable cause existed in this case was clearly erroneous."[1]  The court also held that the good-faith exception did not apply because the officers acted in bad faith by seizing items that were not contemplated by the warrant.  The court suppressed all evidence seized and all of Lucas's statements.  The State appeals.

## Exclusionary Rule

In the State's only point on appeal, it argues that the circuit court erred in suppressing all evidence obtained as a result of the search of Lucas's residence because the exclusionary rule should not have been applied.  The State contends that the officers who executed the search reasonably, and in good faith, relied on a facially valid search warrant.  We find no error.

---

[1] As the State does not appeal this part of the court's finding, we do not address nor discuss the facts the State presented to the issuing judge in obtaining the search warrant.

2

"We review a trial court's ruling on a motion to suppress to determine if it is supported by substantial evidence, and we reverse the trial court's ruling only if it is clearly erroneous." *State v. Ellis*, 355 S.W.3d 522, 523 (Mo. App. 2011) (citing *State v. Johnson*, 354 S.W.3d 627 (Mo. banc 2011)). "We view the facts and reasonable inferences therefrom in the light most favorable to the trial court's ruling, and we disregard contrary evidence and inferences." *Id.* However, whether the exclusionary rule applies in a particular case is a question of law that we review de novo. *Id.*

Generally evidence obtained as a direct result of an unlawful search or seizure is considered "fruit of the poisonous tree" and is inadmissible at trial. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *Wong Sun v. United States*, 371 U.S. 471, 484 (1963). Nevertheless, "evidence seized pursuant to an invalid search warrant may still be admitted if the police officers conducting the search and seizure relied in good faith on the warrant." *State v. Trenter*, 85 S.W.3d 662, 679 (Mo. App. 2002) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984); s*ee also State v. Sweeney*, 701 S.W.2d 420 (Mo. banc 1985) (adopting in Missouri the good-faith exception to the exclusionary rule). However, use of the good-faith exception announced in *Leon* assumes that the warrant was properly executed. *Leon,* 468 U.S. at 918 n.19; *Trenter*, 85 S.W.3d at 679 (citing *United States v. Medlin*, 798 F.2d 407, 410 (10th Cir. 1986)). Therefore, if the good faith exception is to apply, the officers executing the warrant may search "only those places and for those objects that it was reasonable to believe were covered by the warrant." *Leon*, 468 U.S. at 918 n.19.

Here, the search warrant specifically included the following items: "Marijuana, methamphetamine, crack cocaine, cocaine, pills, controlled substances, packaging material, measuring devices, scales, drug paraphernalia, cooking instruments, currencies, cell phones,

3

digital recording devices, cameras, and phones records." Among the items seized by the officers was a bag containing BB guns with a bandana, and a homemade video tape.

After the warrant had been executed and charges filed against Lucas, he filed a motion to suppress all of the evidence that was seized. At the suppression hearing, the trial court found that neither the BB guns nor homemade videotape that was seized was evidence contemplated in the search warrant. As a result, the court found that the officers exceeded the scope of the warrant and therefore, declined to apply the good faith exception and suppressed all of the seized evidence.[2]

In support of its argument, the State cites *State v. Gordon*, 851 S.W.2d 607 (Mo. App. 1993). In *Gordon*, police officers seized a shotgun described in the search warrant and other evidence not described in the warrant. *Id.* at 615. The trial court suppressed all of the evidence because of errors in the search warrant and found the warrant to be invalid. *Id.* at 610. Furthermore, the trial court refused to apply the good-faith exception because of how the search warrant was procured from the magistrate, how the affidavit was prepared and the information it contained, and how the application for the search warrant was prepared. *Id.* at 610. On appeal, the Southern District found that the warrant was in fact valid and suppressed only those items that were seized that were not within the scope of the search warrant. *Id* at 616.

There is, however, at least one very important difference between the *Gordon* case cited by the State and this case—the validity of the search warrant. Unlike the ultimate finding in

---

[2] The court stated, "Any hope that the State could be able to back-door the recovered items by good faith or other reasoning has been cut off by the officers' execution and seizure of [the BB gun and homemade videotape]…The seizure of these two items was clearly unlawful, without warrant or an exception, and constituted bad faith on the part of the officers to expand their fishing expedition."

*Gordon*, in this case, we are dealing with an invalid search warrant.[3] Where evidence is seized

pursuant to an *invalid* search warrant, the evidence may still be admitted if the police officers

who conducted the search and seizure did so in good faith reliance on the search warrant. *Leon*,

468 U.S. at 922.[4] However, use of the good-faith exception announced in *Leon* assumes that the

warrant was properly executed. *Id.* at 918 n.19. Here, the record reflects that the officers seized

two BB pistols, a pistol cap gun, gun holsters, a knife, a bandana, and a homemade video tape —

all of which were not covered by the search warrant. All in all, the officers seized about as many

items not covered by the warrant as covered by the warrant, evidencing a flagrant and

widespread disregard for the scope of the warrant by the officers. As the officers did not

properly execute the warrant by seizing items outside the scope of the warrant and flagrantly

disregarding the scope of the warrant, the good faith exception does not apply. Thus, we find no

error. Point one is denied.

We conclude, therefore, that the circuit court did not err in declining to apply the good

faith exception and suppressing all of the items seized when officers executed a search warrant

on Lucas's residence because the officers failed to properly execute the search warrant by seizing

items outside the scope of the warrant and flagrantly disregarding the scope of the warrant. We

affirm the circuit court's judgment.

_Anthony Rex Gabbert, Judge_

_____

Anthony Rex Gabbert, Judge

---

[3] As noted previously, the State does not argue that the trial court erred in finding that the search warrant was invalid. "Issues not raised on appeal are considered waived." *Brunig v. Humburg*, 957 S.W.2d 345, 347 n. 2 (Mo. App. 1997) (citing Rule 84.13).

[4] The *Leon* case also involved an invalid search warrant.

All concur.