

# Missouri Court of Appeals
## Southern District
### Division Two

STATE OF MISSOURI,                  )
                                    )
     Plaintiff-Appellant,          )
                                    )
v.                                  )          No. SD36197
                                    )
JAMES CHRISTOPHER BALES,            )          **Filed:  January 14, 2020**
                                    )
     Defendant-Respondent.         )

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable John D. Beger

**REVERSED WITH DIRECTIONS**

The State ("Prosecutor") appeals from an order quashing a search warrant and suppressing evidence[1] in a prosecution for first-degree domestic assault, second-degree endangering the welfare of a child, and abuse or neglect of a child.  *See* sections 565.072, 568.050 and 568.060.  In two points, Prosecutor claims the search warrant adequately described the item to be seized, and, even if it did not, the good-faith exception to exclusion should apply.  Because the search warrant was valid on its face, we reverse the trial court's order and need not reach Prosecutor's second point.

---

[1] Section 547.200.1(3) authorizes the State to appeal an order that suppresses evidence in a criminal case. Unless otherwise indicated, all statutory citations are to RSMo 2016.

**Standard of Review and Applicable Law**

We will reverse a trial court's ruling on a motion to suppress only if it is clearly

erroneous. *State v. McNeely*, 358 S.W.3d 65, 68 (Mo. banc 2012).

> Any ruling "on a motion to suppress must be supported by substantial
> evidence." *State v. Johnson*, 354 S.W.3d 627, 631 (Mo. banc 2011). This
> Court reviews the facts and reasonable inferences therefrom favorably to the
> circuit court's ruling and disregards contrary evidence and inferences. *Id.* at
> 631-32. Whether a search is "permissible and whether the exclusionary rule
> applies to the evidence seized" are questions of law reviewed *de novo*. *Id.* at
> 632.

*State v. Douglass*, 544 S.W.3d 182, 189 (Mo. banc 2018).

"The Fourth Amendment of the United States Constitution ensures against

'unreasonable searches and seizures' and provides that 'no Warrants shall issue, but upon

probable cause, supported by Oath or affirmation, and particularly describing the place to be

searched, and the persons or things to be seized.'" *Id.* at 189 (quoting U.S. Const. amend.

IV).[2] A search warrant is invalid if it is not supported by probable cause, or "[i]f it does not

describe the person, place, or thing to be searched or the property, article, material,

substance, or person to be seized with sufficient certainty." *Id.* (quoting section

542.276.10(5)). "[A] search warrant is required to search the contents of a cell phone unless

an exception to the warrant requirement exists[.]" *State v. Clampitt*, 364 S.W.3d 605, 610

(Mo. App. W.D. 2012) (internal citation omitted).

> When analyzing a challenge to a warrant's description of the property to be
> searched, this court must determine if the property has been described with
> sufficient particularity to allow the officer executing the warrant to locate and
> identify the property with reasonable effort and if a reasonable probability
> exists that another property might mistakenly be searched. *State v.*
> *Cummings*, 714 S.W.2d 877, 880 (Mo.App.S.D.1986); *see also U.S. v. Kelly,*
> 772 F.3d 1072, 1081 (7th Cir.2014). A search warrant must "[i]dentify the
> place ... which is to be searched, in sufficient detail and particularity that the

---

[2] "[T]he Missouri Constitution provides coextensive protection against unreasonable searches and seizures."
*Douglass*, 544 S.W.3d at 189.

officer executing the warrant can readily ascertain ... what he or she is to search[.]" Section 542.276.6(5). If the place to be searched is not described with sufficient certainty, the resulting warrant will be deemed invalid. Section 542.276.10(5).

*State v. Hardy*, 497 S.W.3d 836, 838 (Mo. App. S.D. 2016). "We review whether the issuing judge's determination was clearly erroneous by looking at the four corners of the search warrant application and supporting affidavits." *State v. Norman*, 133 S.W.3d 151, 159 (Mo. App. S.D. 2004).

**Background**

On April 26, 2019, James Christopher Bales ("Defendant") was charged with one count of first-degree domestic assault, two counts of abuse or neglect of a child, and two counts of first-degree endangering the welfare of a child based upon allegations that he caused serious physical injuries to a twenty-two-month-old child. Detective Thomas Fenton ("Detective Fenton") interviewed Defendant at his home about those allegations. During the interview, Defendant handed Detective Fenton his Samsung cell phone to show the detective a video Defendant had taken on the phone of the child sitting on the floor and banging his head.

A couple of days later, Defendant came to the interview room with his attorney to speak with Detective Fenton again. Defendant showed Detective Fenton the video of the child again on the same phone. After that meeting, Detective Fenton applied for and received a search warrant for Defendant's cell phone ("search warrant 1"). The application sought a warrant to search:

> Phone messages, text messages, social media networks, Instagram photos, Facebook messages, passwords to the device, global positioning system coordinates, emails, phone logs, SIM cards, photo galleries, voicemails, or any other evidence pertaining to the crime kept in the following described places, in the County aforesaid, to wit:

3

A cell phone located at 13251 Highway O Dixon, in Pulaski County Missouri.  This cell phone is described as a black in colored [sic] Samsung with a black case cell phone number 573-855-6174 belonging to [Defendant].

Based upon this application, a judge issued search warrant 1, which authorized law enforcement to search "[a] cell phone at, 13251 Highway O Dixon, in Pulaski County Missouri.  This cell phone is described as Black Samsung with black case."

Defendant later came to the interview room for yet a third time.  Approximately 15 minutes into that meeting, Defendant again looked for the video of the child on his cell phone.  At that point, Detective Fenton served search warrant 1 on Defendant's attorney and seized that black, Samsung cell phone from Defendant.

During their subsequent search of the cell phone, officers discovered what they believed to be evidence of additional criminal activity.  Based upon that discovery, they applied for -- and received -- a second search warrant ("search warrant 2") that authorized an additional search of Defendant's cell phone.

Defendant filed a MOTION TO QUASH WARRANT, ORDER RETURN OF CELL PHONE AND ALL ITEMS OBTAINED/RECEIVED/COPIED FROM CELL PHONE (the "Motion to Quash").[3]  The Motion to Quash argued that the phrase "Black Samsung with black case" did not adequately describe the thing to be seized.  The request for relief was that the trial court quash search warrant 1 and order the return of the cell phone and all data obtained from it to Defendant.  The trial court granted the Motion to Quash and ordered that all evidence seized pursuant to search warrants 1 and 2 be suppressed.

---

[3] The trial court treated the Motion to Quash as a motion to suppress.  For simplicity, we will refer to the motion as a Motion to Quash.

**Analysis**

*Point 1 – Inadequate Description*

Point 1 claims the trial court erred in quashing search warrant 1 and suppressing the evidence obtained from the cell phone because search warrant 1 was facially valid in that it was issued by a judge after a finding of probable cause and adequately described the item to be seized with sufficient particularity. We agree.

The trial court stated its rationale for quashing the search in its Memorandum granting the Motion to Quash.

> Defendant relies on Groh v. Ramirez, 540 U.S. 551 (S.Ct 2004) for the proposition the warrant of April 4, 2019 does not "particularly describe the things to be seized." The Court notes Black Samsung Cell phones in Black Cases are Numerous if not ubiquitous. (The undersigned has one.) The Court does find [search warrant 1] of April 4, 2019 fails to adequately describe the thing to be seized and "was so facially deficient the executing officers could not reasonably presume it to be valid." United States v. Leon, 468 U.S. 897 at 923 (S.Ct. 1984). [Search warrant 1] of April 4, 2019 is quashed. To the extent [search warrant 2] issued May 28, 2019 was dependent on the quashed warrant, it is the "fruit of the poisonous tree["] and must be quashed as well.

Prosecutor argues that the scope of search warrant 1 was only one item: a black Samsung cell phone, and "[i]t is difficult to imagine how [Detective Fenton] could have been more descriptive without first seizing the phone from [Defendant] to check for serial numbers or a specific model number." Defendant argues that the language "Black Samsung with black case" does not "particularly describe the place to be searched, and the persons or things to be seized[,]" in that the warrant failed to include the phone number of the cell phone that law enforcement sought to search.

The description in search warrant 1 provided sufficient detail to allow officers to locate and identify the item of property to be searched – here, a black cell phone located in a

particular residence – with reasonable effort and without a reasonable probability that other items of property would be mistakenly searched. *See* **Hardy**, 497 S.W.3d at 840.

Although the primary issue in **State v. Johnson**, 576 S.W.3d 205 (Mo. App. W.D. 2019), was the permissible breadth of a cell phone search conducted by law enforcement, the search warrant at issue provided for the seizure of "[a]ll cell phones" located in the defendant's apartment. *Id.* at 216. The description of the item to be seized here was more specific than the one approved in **Johnson** over claims that the warrant was "not supported by probable cause, was *not sufficiently particular*, was overbroad, and was stale when the search of the phone was executed." *Id.* (emphasis added).

Search warrant 1 adequately described the cell phone to be seized. Point 1 is granted, and the trial court's order quashing search warrant 1 and suppressing the evidence from search warrants 1 and 2 is reversed.[4] The trial court is directed to vacate its July 1, 2019 memorandum and order granting the Motion to Quash and enter instead an order denying that motion.

DON E. BURRELL, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[4] The trial court excluded the evidence from search warrant 2 as the "fruit of the poisonous tree." Because no violation of the Fourth Amendment occurred, that doctrine is inapplicable to this case. **State v. Esmerovic**, 544 S.W.3d 695, 697-98 (Mo. App. E.D. 2018). Having found the warrant valid on its face, we do not reach Prosecutor's alternative request for relief. *See* **State v. Pattie**, 42 S.W.3d 825, 827 (Mo. App. E.D. 2001).