

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION FOUR</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102656 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Calea Stovall-Reid |
| CARTELL HOGUE, | ) | |
| | ) | |
| Defendant/Appellant. | ) | Filed:  June 14, 2016 |

<u>Introduction</u>

Cartell Hogue (Appellant) appeals from the trial court's judgment after a bench trial finding him guilty of the Class A misdemeanor of possession of marijuana and sentencing him to one year of confinement.  We affirm.

<u>Factual and Procedural Background</u>

On June 23, 2014, Appellant was charged by information with first-degree trespass and possession of up to 35 grams of marijuana.  On December 4, 2014, Appellant filed a boilerplate motion to suppress.  On December 11, 2014, the State filed a motion to *nolle prosse* the trespass charge.  On January 14, 2015, Appellant waived his right to a jury trial and the case proceeded to a bench trial, with the motion to suppress being heard simultaneously.  On the morning of trial, Appellant filed a memorandum in support of his motion to suppress.  The one-day trial and motion hearing consisted of the testimony of one witness, the arresting officer, Officer Joseph Marcantano (Officer Marcantano), and the parties' argument.

At trial, Officer Marcantano testified he was assigned to patrol the St. Louis Housing Authority (SLHA) public housing units in the City of St. Louis, including the Cambridge Heights housing complex and the Columbus Square neighborhood. On the evening of June 23, 2014, he was patrolling when he observed Appellant sitting on the porch of the housing unit at 1316 North 8th Street. Officer Marcantano testified he recognized Appellant as a non-resident with whom he had spoken on several occasions about trespassing at that location. Officer Marcantano testified Appellant had previously been a problem in the housing complex for other residents. Since Appellant was trespassing after repeated warnings, Officer Marcantano arrested him, patted him down and put him in the back seat of his patrol car. After Officer Marcantano put Appellant in the patrol car, Appellant's grandmother came outside 1316 North 8th Street and spoke with Officer Marcantano. Officer Marcantano testified the grandmother told him she thought Appellant was coming over. Appellant was then transported to the police station. At the police station, Appellant was asked if he had anything dangerous or illegal on his person that was not found during the initial pat-down search. Appellant said he had marijuana in his pants. Appellant retrieved the marijuana from his pants, which Officer Marcantano seized, put in an evidence envelope, and sent to the crime lab. Lab analysis confirmed the substance taken from Appellant's pants was marijuana. The lab report and the marijuana were admitted into evidence at trial as Exhibits A and C.

After testimony and argument, the trial court denied Appellant's motion to suppress and found him guilty of possession of less than 35 grams of marijuana. On February 17, 2015, the trial court sentenced Appellant to one year in prison. This appeal follows. Additional facts necessary to determination of this appeal will be adduced as necessary.

<u>Points on Appeal</u>

In his first point, Appellant claims the trial court erred in denying his motion to suppress because the State failed to carry its burden of showing the marijuana was lawfully seized in that Officer Marcantano's arrest of Appellant for trespass was unlawful.

In his second point, Appellant asserts the trial court erred in overruling his objections to Officer Marcantano's testimony that Appellant's grandmother told him she was afraid of Appellant and he was trying to resurrect a gang called the Cochran Crips; and Officer Marcantano's opinion that Appellant's grandmother should be in assisted living and any arrests on her property could cause her lease to be violated and jeopardize her ability to get into assisted living. Appellant maintains this testimony was hearsay, speculative, and irrelevant to the issue of Appellant's trespass and highly prejudicial because it allowed the fact-finder to speculate Appellant's grandmother did not want him on her property.

<u>Standard of Review</u>

The trial court has broad discretion to admit or exclude evidence at trial and this Court will reverse only upon a showing of a clear abuse of discretion. <u>State v. Chaney</u>, 967 S.W.2d 47, 55 (Mo.banc 1998). Where a motion to suppress is overruled and the evidence introduced at trial, an appellate court will consider the evidence presented both at the suppression hearing and at trial in determining whether the motion should have been granted. <u>State v. Goff</u>, 129 S.W.3d 857, 861-62 (Mo.banc 2004). The burden of going forward with the evidence and the risk of nonpersuasion shall be upon the State to show by a preponderance of the evidence that the motion to suppress should be overruled. Section 542.296.6.[1] We view the facts and any reasonable inferences arising therefrom in the light most favorable to the ruling of the trial court,

---

[1] All statutory references are to RSMo 2012.

3

and we give deference to the trial court's factual findings and credibility determinations. State v. Rousan, 961 S.W.2d 831, 845 (Mo.banc 1998). We review the trial court's ruling on a motion to suppress evidence for the existence of substantial evidence, and we will reverse the ruling only if it is clearly erroneous. Id.

Discussion

Point I

Appellant claims the search of his person incident to his arrest for trespass was undertaken without warrant and without probable cause to believe Appellant had committed trespass, such that the marijuana seized from Appellant incident to arrest was fruit of the poisonous tree.

The Information issued by the State on June 24, 2014, alleged as follows:

In Count I, the State alleged Appellant committed the class B misdemeanor of trespass in the first degree, in violation of Section 569.140, in that on or about June 23, 2014, Appellant knowingly entered unlawfully upon real property located at 1316 North 8th Street and owned by the SLHA, notice against trespass upon said real estate having been given by actual communication to Appellant. In Count II, the State alleged Appellant committed the class A misdemeanor of possession of a controlled substance, in violation of Section 195.202, in that on or about June 23, 2014, Appellant possessed marijuana knowing of its presence and nature.

The Information was based upon Officer Marcantano's Probable Cause Statement, made June 24, 2014, in which Officer Marcantano swore under oath he had probable cause to believe Appellant committed first-degree trespass and possession of less than 35 grams of marijuana on June 23, 2014 and:

4

2. The facts supporting this belief are as follows:

While on patrol in the Cambridge Heights Housing Complex, I observed [Appellant] to be on the porch of 1316 North 8ᵗʰ Street. **I have previously issued [Appellant] trespass warnings, and told [Appellant] that he is not allowed back at that location without the leaseholder present.** After [Appellant] was arrested for trespassing, I observed him to be in possession of what lab analysis later revealed to be marijuana.

3. I believe Appellant poses a danger to a crime victim, the community, or any other person because of the nature of this case and because Appellant has prior felony convictions for resisting arrest and two counts of unlawful use of a weapon from 2002 and an assault 1st, two counts of unlawful use of a weapon, and armed criminal action from 2004.

Section 569.140 defines trespass in the first degree as follows:

1. A person commits the crime of trespass in the first degree if he **knowingly enters unlawfully or knowingly remains unlawfully** in a building or inhabitable structure or **upon real property**.

2. A person does not commit the crime of trespass in the first degree by entering or remaining upon real property unless the real property is fenced or otherwise enclosed in a manner designed to exclude intruders **or as to which notice against trespass is given by:**

**(1) Actual communication to the actor**; or
(2) Posting in a manner reasonably likely to come to the attention of intruders.

(Emphasis added.) Section 569.140.

At trial, Officer Marcantano testified he had warned Appellant several times about trespassing at 1316 North 8ᵗʰ Street:

Q. When did you first see [Appellant]?

A. I saw him sitting on the back porch of the -- of his grandmother's residence.

Q. Did you recognize him?

A. I did.

Q. In the past, what did you speak with him about?

A. I had spoken to him on several occasions about several topics, including the trespassing policies.

Q. Do you regularly enforce the trespass policy?

A. I did.

Q. Can you tell us what your understanding of the trespass policy is?

A. Subjects who are not residents of the Housing Authority properties may come to visit family, friends, whoever it is that they want to visit. When they enter the property, they must head directly to that person's residence and then be with that person that they are visiting. If they are inside, they obviously don't have to be right with them, but if they step outside of the residences, they need to be with a leaseholder, the person that they are visiting. They can't hang out outside on fronts or backs or in common areas without the leaseholder present. When they go to leave, they must take the most direct route from the person that they are visiting to wherever their destination is.

Q. Okay. At this time, did [Appellant] appear to be hanging out on the back porch?

A. He did.

Q. Had you ever seen [Appellant] violating the trespass policy before?

A. I did.

Q. Do you know if [Appellant] was ever informed of the trespass policy?

A. He was.

…

Q. On the night of June 23rd, did you believe that [Appellant] was violating the trespass policy?

A. Yes.

"Probable cause exists where the facts and circumstances within the police officers' knowledge, and of which they have reliable and trustworthy information, would warrant a person of reasonable caution to believe that the person being arrested had committed the offense." State v. Johnson, 354 S.W.3d 627, 634 n. 6 (Mo.banc 2011). The test is not whether the officer is right or wrong in his belief, but whether his belief was reasonable under the facts and

6

circumstances. State v. Patterson, 624 S.W.2d 11, 14 (Mo. 1981). Here, Officer Marcantano had personal knowledge he had warned Appellant several times he was trespassing at 1316 North 8th Street when he loitered there alone in the common area without the leaseholder present. When Officer Marcantano saw Appellant on the date in question loitering alone at 1316 North 8th Street after being told several times he could not do that pursuant to the SLHA's Trespassing Policy, Officer Marcantano had a reasonable belief Appellant was trespassing in violation of Section 569.140.1(1) based on his own previous warnings to Appellant.

Further, Officer Marcantano's understanding of the parameters of the SLHA Trespassing Policy, as illustrated by his testimony at trial, was reasonable. The SLHA Trespassing Policy itself provides "Any person not authorized to be on a SLHA development will be deemed to be trespassing, and may be subject to arrest and prosecution for criminal trespass in violation of state and local law." The SLHA Trespassing Policy deems an unauthorized person as one who is "Being on SLHA development at a location or unit not specified on the guest pass or visitor log, unless the person is traveling on the most direct route to or from such location, or accompanied personally by the person being visited." The SLHA Trespassing Policy also provides, in addition to being subject to state and local trespassing law, such behavior also exposes the individual to the possibility of being issued a SLHA Temporary or Extended Bar and Ban Notice.

We give deference to the trial court's attribution of credibility to Officer Marcantano's testimony he had warned Appellant several times he was trespassing at 1316 North 8th Street when he idled alone in the common area, in violation of the SLHA's Trespassing Policy. Deference is given to the trial court's superior opportunity to determine the credibility of witnesses. Rousan, 961 S.W.2d at 845.

While we give deference to the trial court's factual findings and credibility determinations, we review questions of law *de novo*. Id. The statute defining first-degree trespass provides a basis for the crime of trespass when notice is given to the offender by actual communication. Section 569.140.1(1). In this case, the statement of probable cause, the information, and the credible testimony of Officer Marcantano at trial all track this statutory definition of trespass. Appellant has failed to demonstrate otherwise. We find the State established Officer Marcantano had probable cause to arrest Appellant on June 23, 2014, for first-degree trespassing when he saw Appellant again at the property at 1316 North 8th Street after giving him notice by actual communication on more than one occasion that his presence on the property without the presence of his grandmother, the leaseholder, constituted trespass. Consequently, Officer Marcantano's search of Appellant and seizure of the marijuana he had on his person was lawful. The trial court's decision to deny Appellant's motion to suppress was supported by substantial evidence. Rousan, 961 S.W.2d at 845.

Appellant also argues, in the alternative, the State failed to prove 1316 North 8th Street, the address Appellant was arrested for trespassing, was owned by the SLHA and subject to the SLHA Trespassing Policy.

Officer Marcantano testified as follows:

Q. And, Officer [Marcantano], how many years have you been with the St. Louis Metropolitan Police Department?

A. About six years.

Q. And how many of those years have you worked in housing?

A. I was in the housing unit for about two and a half years.

Q. Were you on duty on June 23, 2014?

A. I was.

Q. Did you have occasion to be at 1316 North 8th Street?

A. I did.

Q. Is that in the City of St. Louis?

A. It is.

Q. Did you make an arrest that night?

A. I did.

Appellant did not object at any time to this testimony or question Officer Marcantano as to whether he could prove 1316 North 8th Street was part of the housing complex owned by the SLHA and subject to its trespassing policy. Further, the State did not have to prove the ownership of 1316 North 8th Street beyond a reasonable doubt as an element of trespass. Compare State v. Caldwell, 352 S.W.3d 378, 382 (Mo.App. W.D. 2011) (not sufficient evidence to support defendant's conviction for trespassing after jury trial because State failed to adduce evidence establishing ownership of property). Rather, the State merely had to establish Appellant had been warned not to linger on the common areas at 1316 North 8th Street, because he was not a resident there and his presence there not in the presence of the leaseholder constituted trespassing.

For these reasons, Point I is denied.

<u>Point II</u>

In his second point, Appellant complains the trial court should have excluded Officer Marcantano's testimony about Appellant's grandmother's infirmities, living situation, fear of Appellant, and worries of his gang activity, because it was hearsay and irrelevant to whether he was trespassing.

Whether Appellant's grandmother wanted Appellant on her property or not had no bearing on Officer Marcantano's prior warnings to him that idling alone in the common areas of the housing complex constituted trespassing, which Appellant disregarded, leading to his arrest. Probable cause to arrest for trespassing in this case was established by Officer Marcantano's specific prior warnings to Appellant and Appellant's disregard and behavior in direct contravention to those warnings.

Further, Appellant waived his right to a jury trial and instead chose to have a bench trial. It is presumed in a bench trial that the trial judge was not confused or misled by any allegedly irrelevant or inadmissible evidence unless the record clearly demonstrates that the trial court considered and relied upon the inadmissible evidence. State v. Girardier, 2015 WL 8230969 *7 (Mo.App. E.D. December 8, 2015); State v. Elliott, 271 S.W.3d 604, 607 (Mo.App. S.D. 2007). The record does not clearly demonstrate the trial court considered and relied upon any inadmissible evidence in this case. Point II is denied.

### Conclusion

The judgment of the trial court is affirmed.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, P.J.

Kurt S. Odenwald, J., and
Lisa P. Page, J., concur.

10